## JAMES E. MURPHY v. THE INHABITANTS OF MONTCLAIR.

1. Under the several acts relative to the sale of malt or spirituous liquors in the township of Montclair, the penalties are, by the words of the act of 1871, *p.* 1426, recoverable by an action of debt; and the act provides that no requirement of any act or of the common law regulating penal actions or actions by common informers, shall apply to these actions. *Held*, that no note need be made of the day, month, and year of the institution of the suit.

2. Where the act provides for a larger penalty for a second conviction, and it is offered as evidence of the first offence that a judgment has been entered against the defendant for the penalty incurred for the first offence—*held*, that the fact that an appeal is pending in the first case is no defence to the second action.

3. Where the prohibition of the statute is against the sale of any ale, porter, beer, or other malt or spirituous liquors as a beverage, and the state of demand sets out the sale of two glasses of beer as a beverage—*held*, that the demand was sufficient, without asserting that the beer was malt or spirituous.

On *certiorari*.

The township of Montclair was set off from the township of Bloomfield, in Essex county, by an act passed April 15th, 1868. *Laws*, 1868, *p.* 998.

By an act passed March 8th, 1870, (*Laws*, 1870, *p*. 437,) it was enacted " That it shall be unlawful for any person or persons to sell any ale, porter, beer, or other malt or spirituous liquors as a beverage, within the said township, except it be at a regularly licensed inn and tavern."

By an act passed April 6th, 1871, (*Laws*, 1871, *p*. 1426,) it was enacted that, for every offence committed against the above section, the offender shall forfeit and pay the sum of $10. Also, that said penalty may be sued for and recovered, and enforced by action of debt brought before any justice of the peace of said county, in the name of the inhabitants of the township of Montclair ; also, that the process, pleadings, and proceedings in said action shall be according to the requirements of the act for the trial of small causes in the action of debt, and that no requirement of any act or of the common law specially regulating penal actions or actions by common informers, shall apply to suits instituted by virtue of this act.

By an act passed March 31st, 1873, (*Laws*, 1873, *p*. 481,) it was provided that, for every subsequent offence, the offender shall forfeit and pay the sum of $100 ; that the said penalty may be enforced by a complaint made to any justice of the peace of said county, in the name of the inhabitants of Montclair ; and it shall be the duty of the justice to commit such offender to the county jail, to be left at hard work, for any time not exceeding three months, and until such offender shall pay the amount of said forfeiture or fines and costs.

The proceedings in this case are to enforce a forfeiture for a second offence. A judgment was rendered against the defendant for $100 and costs.

Argued at June Term, 1877, before Justices SCUDDER, DIXON, and REED.

For the plaintiff in *certiorari, Cummings.*

For the defendant, *J. L. Blake.*

The opinion of the court was delivered by

Reed, J. The first objection urged against the legality of the proceeding is, that no note was made of the day, month, and year of the institution of the suit. *Ackerson* v. *Zabriskie,* 2 *Halst.* 167.

The act of 1871, *p.* 1426, if applicable to the present proceeding, admittedly obviates the irregularity which might otherwise exist.

I think it is applicable. I think these several acts are to be construed as *in pari materia,* and the designation of an increased penalty and new method of enforcing the judgment, does not change the character of the procedure for the enforcement of the statute.

It is an information stripped of all the features of such a proceeding after the lodgment of a complaint, and assuming then the character of an ordinary action of debt, with a special method of enforcing the judgment.

It is again urged that no mention is made of the act of 1871, in the pleadings. *Crawford* v. *New Jersey R. R. Co.,* 4 *Dutcher* 479.

This objection is not within any of the reasons assigned for reversal, and we cannot consider it.

It is again insisted that the pleadings should have asserted that the liquor sold was malt or spirituous.

The prohibition is against the sale of any ale, porter, beer, or other malt or spirituous liquors, as a beverage The demand states the sale of two glasses of beer as a beverage.

The words " other malt or spirituous liquors," indicate, of course, what would have been equally apparent without their use, that the statute was leveled at the sale of liquors of that class.

The use of these words was not as a definition or limitation of the meaning of the words ale, beer or porter, but as a sweeping prohibition of the sale of any beverage within the meaning of the words malt or spirituous, of whatever name.

The words " ale, porter, beer," when used in statutes relative to licenses, have no uncertain meaning. Each means a cer-

tain liquor made from malt, containing a certain percentage of alcohol.

Had the state of demand charged the sale of two glasses of porter, it would hardly have been seriously argued that an assertion that it was a malt or spirituous liquor, would have been essential. But it is said that beer may mean either a malt liquor or an innocent beverage, known as spruce beer, small beer, ginger beer, &c.

I think there is nothing in this, for even if the court can judicially recognize the existence of the various distinctions in the quality of these beverages, yet the word "beer," as here used, has a well-defined signification. The words "by night," in the Crimes Act, (§ 93,) have no more a distinctly ascertained meaning than either of these words, when used as here in an act concerning licenses.

As there is no need of specifying that "by night" was meant the portion of the natural night within the twilights, (*State* v. *Robinson*, 6 *Vroom* 73,) so, in this instance, there is no need of asserting that the word "beer" meant what the word usually implies when used in statutes to regulate the selling of malt or spirituous liquors. The allegation was sufficient.

It is again objected that the action should have been brought in the name of the inhabitants of the township of Montclair, in the county of Essex. But the statutes 1871, *p.* 1426, and 1873, *p.* 481, provide that the action shall be brought in the name of the inhabitants of Montclair, as it is brought.

It is again said that this is an action for a second offence, and that at the time of this trial and entering judgment, the former judgment had been appealed to the Court of Common Pleas.

The judgment in the first case was relied upon as evidence of the first offence, proof of the commission of which was an essential part of the case against the defendant upon the second suit. But the taking an appeal from the first judgment did not destroy its force as evidence of the fact.

Where a judgment itself is the foundation of an action, the

fact that it is being in process of review upon appeal, will not defeat the action.

In *Suydam* v. *Hoyt*, 1 *Dutcher* 230, it was held that in an action upon a judgment entered in the Supreme Court of the State of New York, a plea setting up the fact that said judgment had been removed, by appeal, to the general term of the Supreme Court, was bad. See also *Freeman on Judgments*, § 433. But if this were not so, the defendant is not in a position to take advantage of the existence of the appeal. Nothing in the case shows that there was any proof or any offer to prove, on the trial below, that an appeal was pending.

It is next urged that there should have been a conviction as well as judgment. In proceedings upon information that is the proper procedure. But, as before observed, the statute provides for an action of debt simply, and a conviction is unnecessary. The last objection taken on the argument was, that no amount was demanded in the summons.

This is not within any reason and cannot be considered. Judgment must be affirmed, with costs.